Gaines, Gruner, Ponzini & Novick, LLP
Attorneys for Plaintiff
One North Broadway, 12th Floor
White Plains, New York 10601
(914) 288-9595

**JUD... KARAS**

**08 CIV. 2035**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
───────────────────────────────

ITA MARY RIORDAN, a/k/a MARY RIORDAN,
as Parent and Natural Guardian of GARRY RIORDAN,
and GARRY RIORDAN, individually and as an
incompetent adult.

                        Plaintiffs,

    -against-

THE CITY OF YONKERS, THE CITY OF
YONKERS POLICE DEPARTMENT, P.O. PRENI and
P.O. LIEN, POLICE COMMISSIONER EDMUND
HARTNETT, and JOHN DOE I-III,

                        Defendants.
───────────────────────────────

"ECF CASE"

CIVIL ACTION
#_____

**COMPLAINT FOR DAMAGES**

PLAINTIFFS DEMAND
A JURY TRIAL

    ITA MARY RIORDAN, a/k/a MARY RIORDAN, (hereinafter known as "MARY RIORDAN"), as Parent and Natural Guardian of GARRY RIORDAN and GARRY RIORDAN, individually and as an incompetent adult, by and through their attorneys, GAINES, GRUNER, PONZINI & NOVICK, LLP, complaining of Defendants, allege as follows:

### PRELIMINARY STATEMENT

    This action arises from a shameful, vicious and cruel act of police brutality and the conspiracy to cover it up. It seeks money damages for, among other things, the unconstitutional and tortious conduct of Yonkers Police Officers PRENI and LIEN (believed to hold shield numbers 994

1



and 982, respectively), who attacked, assaulted and beat Plaintiff, GARRY RIORDAN, for their conspiracy and lies to obstruct justice in order to prevent the truth from surfacing, and for police supervisors who failed to control their subordinates. It also seeks money damages against the City of Yonkers and the City of Yonkers Police Department for their deliberate indifference and negligence with respect to customs, policies and practices that permitted such behavior and for the negligent hiring, retaining, training, supervising and disciplining of P.O. PRENI and P.O. LIEN. It is alleged that the City of Yonkers and the City of Yonkers Police Department and their agents, servants and/or employees knew or should have known and foreseen that the continued employment of P.O. PRENI and P.O. LIEN would result in such an assault.

This action seeks to redress the deprivation, under the color of state law, the constitutional rights of Plaintiff, namely the 4th, 8th and 14th Amendments of the United States Constitution, to be free from unreasonable searches and seizures and from excessive and unreasonable force and from deprivation of liberty without due process of law.

Succinctly stated, it is alleged that on or about July 25, 2007, at approximately between 9:30 p.m. and 9:45 p.m., while plaintiff, GARRY RIORDAN, was lawfully at or about the location of 51 Harding Avenue, Yonkers, N.Y., (the "Area"), Plaintiff was attacked, assaulted and beaten by P.O. PRENI and P.O. LIEN, who were acting under color of state and local laws. It is further alleged that the attack, assault and beating was wilful and intentionally caused Plaintiff, who suffers from cerebral palsy, to suffer, among other things, permanent psychological injuries as well as multiple soft tissue injuries.

## JURISDICTION

FIRST: The jurisdiction of this Court is founded upon 28 U.S.C. §1331 and §1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 (a) with respect to the causes of action under State law. This action is brought pursuant to 42 U.S.C. §1983, §1985, §1986 and §1988 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Venue is laid within the United States District Court for the Southern District of New York in that defendant, City of Yonkers, is located within the boundaries of the Southern District of New York, the events that give rise to this claim occurred in the City of Yonkers and because plaintiff resides in the City of Yonkers.

## PARTIES

SECOND: That at all times hereinafter mentioned, plaintiff was and still is a resident of the State of New York, County of Westchester, City of Yonkers. Plaintiff is a United States citizen. Ironically, in fact, the date of plaintiff's beating, he became a United States citizen.

THIRD: That, upon information and belief, at all times hereinafter mentioned, Defendant City of Yonkers, was and still is a municipal corporation, duly organized and existing, pursuant to the laws of the State of New York and the public employer of P.O. PRENI and P.O. LIEN, named as defendants in this action. Defendant, City of Yonkers Police Department, is an agency of the City of Yonkers, existing and operating by virtue of the laws of the State of New York and the City of Yonkers.

FOURTH: That, upon information and belief, at all times hereinafter mentioned, P.O. PRENI and P.O. LIEN were police officers for the City of Yonkers and the City of Yonkers Police Department, and were acting under color of law, that is, under color of the Constitution, statutory

laws, rules, regulations, customs, and usages of the State of New York and/or of the City of Yonkers. They are each being sued in their individual and official capacities.

FIFTH: Defendant, EDMUND HARTNETT, was and is at all times relevant to this action, Commissioner of the Police Department of the City of Yonkers, who was and is responsible for the final decisions of the Yonkers Police Department including, but not limited to, hiring, training, supervising and disciplining police officers including defendants, P.O. PRENI and P.O. LIEN. At all times relevant hereto, defendant, EDMUND HARTNETT, was acting under color of law and pursuant to his authority as Commissioner of Police. He is sued in his individual and official capacity. At all times, defendant, COMMISSIONER HARTNETT, was acting within the scope of his employment.

SIXTH: At all times hereinafter mentioned, the Defendants P.O. PRENI and P.O. LIEN were acting in the performance of their duties as City of Yonkers Police Officers in furtherment of the defendant City of Yonkers business, and hence, within the scope of their employment or implied authority.

## NOTICE OF CLAIM

SEVENTH: That on August 8, 2007, verified Notices of Claim, pursuant to 50 (h) of the Municipal Law of the State of New York, were duly served on defendant, City of Yonkers, and on defendant, City of Yonkers Police Department within ninety (90) days of the statutory date of accrual. More than thirty (30) days have elapsed since the aforementioned date and plaintiffs' claim has not been settled or compromised. Moreover, defendant, City of Yonkers, conducted a 50-h hearing after receiving the aforementioned verified Notice of Claim, and less than one (1) year and ninety (90) days has elapsed since the causes of action accrued in the case.

## FACTUAL ALLEGATIONS

EIGHTH: Plaintiffs repeat and reallege those paragraphs "FIRST" through "SEVENTH" with the same force and effect as if more fully set forth herein.

NINTH: During the evening hours of July 25, 2007, plaintiff, GARRY RIORDAN, who obviously suffers from a mental illness, specifically, cerebral palsy, was lawfully present on the sidewalk near 51 Harding Avenue, Yonkers, New York ("the Area"). Plaintiff was in the process of walking home from the gas station located at the corner of Harding Avenue and McLean Avenue.

TENTH: At the time that plaintiff was walking, defendants, P.O. PRENI and P.O. LIEN, stopped him on the sidewalk and accused him of "holding up" the deli. Plaintiff, GARRY RIORDAN, who is so obviously handicapped, had no idea what P.O. PRENI and P.O. LIEN were saying and just stood there.

ELEVENTH: Upon information and belief, defendants, P.O. PRENI and P.O. LIEN, were looking for two (2) males, one Hispanic and one caucasian, who allegedly attempted to rob the deli. Plaintiff, GARRY RIORDAN, was alone and an Irish immigrant who was granted citizenship on July 25, 2007.

TWELFTH: Immediately upon seeing plaintiff, and without any warning or provocation, defendants, P.O. PRENI and P.O. LIEN, did violently drag plaintiff on the street and strike plaintiff on his body with, among other things, a billy club and handgun.

THIRTEENTH: Defendants, P.O. PRENI and P.O. LIEN, continued to strike plaintiff even though plaintiff did not resist or strike back at defendants. Plaintiff began to bleed from his legs.

FOURTEENTH: Unable to walk on his own because of the assault, defendants, P.O.

PRENI and P.O. LIEN, dragged Garry on his knees from the sidewalk and threw him into their squad car, transported him to the deli, only to learn that Plaintiff was not one of the "robbers", but was a well known customer, who came into his deli everyday.

FIFTEENTH: Thereafter, defendants, P.O. PRENI and P.O. LIEN, drove plaintiff to his home and kicked or shoved him out of their squad car. When plaintiff's mother, MARY RIORDAN, asked defendants, P.O. PRENI and P.O. LIEN, why they would "beat up GARRY, he's obviously handicapped", the officers replied "he did not have a sign on his head" and drove off.

SIXTEENTH: As the beating was occurring, and unbeknownst at the time to P.O. PRENI and P.O. LIEN, a witness saw and/or heard the beating that defendants, P.O. PRENI and P.O. LIEN, gave to the plaintiff.

SEVENTEENTH: Because of the beating and plaintiff's condition, his parents drove him to a hospital for emergency medical treatment.

EIGHTEENTH: Because of the beating, plaintiff was bleeding from, among other places, his legs, arms and back. Even worse, because plaintiff is handicapped and unable to state how he feels, his mental damages are permanent and significant and almost impossible to treat due to his ability to communicate. Plaintiff now suffers from nightmares, fear of police and has lost his freedom because of his fear in leaving his home like he used to.

NINETEENTH: Upon information and belief, defendants, P.O. PRENI and P.O. LIEN, were not arrested after their assault on plaintiff. On information and belief, P.O. PRENI and P.O. LIEN conspired to cover up their wrongdoing.

TWENTIETH: The actions of all individual defendants were performed within the scope of their employment and authority, and for whose acts the defendant City of Yonkers and the City

of Yonkers Police Department are liable under the doctrine of respondent superior.

TWENTY-FIRST: The actions of P.O. PRENI and P.O. LIEN violated plaintiff's clearly established rights under the Fourth, Eighth and and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical and psychological injuries he has suffered.

TWENTY-SECOND: The actions of all defendants were intentional, malicious, and in bad faith thus giving rise to punitive damages as to all defendants with the exception of the municipality.

## DAMAGES

TWENTY-THIRD: As a direct proximate result of the aforementioned acts of defendants P.O. PRENI and P.O. LIEN, plaintiff, GARRY RIORDAN, suffers from, among others, the following injuries and damages:

    A.    Violation of his constitutional rights under the 4th, 8th and 14th amendments to the United States Constitution. Loss of physical liberty. Lack of due process.

    B.    Multiple bruises to the body, pain and suffering, hospitalization, extreme fear, emotional trauma, humiliation, embarrassment, ecchymosis, as well as mental anguish, emotional distress and nightmares.

## CAUSES OF ACTION

## COUNT I

## ASSAULT

TWENTY-FOURTH:    Paragraphs 1-23 are incorporated herein by reference as though more fully set forth.

7

TWENTY-FIFTH:   Upon approaching plaintiff, GARRY RIORDAN, and attacking, assaulting and beating him, defendants made plaintiff fear for his physical safety and well being and placed him in apprehension of immediate harmful and/or offensive touching and assaulted him.

TWENTY-SIXTH:   Defendants have deprived plaintiff, GARRY RIORDAN, of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. sections 1983, 1985, 1986 and 1988 and the New York State Constitution.

TWENTY-SEVENTH:   In seizing and beating plaintiff, GARRY RIORDAN, without probable cause and without any other factual basis for a stop or other detention, used excessive and unreasonable force against the person of the plaintiff. Such force included, but was not limited to repeatedly striking the plaintiff with their hands, feet, handguns, billy clubs and/or other similar devices, striking the plaintiff on his back and body, all without probable cause or provocation in any way. Such force was in excess of any force required to seize plaintiff and was not employed in good faith, but employed recklessly, intentionally, maliciously, and sadistically for the purpose of causing injuries, humiliation, and trauma to the plaintiff.

TWENTY-EIGHTH: Plaintiff has been damaged by defendants assault in an amount to be determined at trial.

## COUNT II

## BATTERY

TWENTY-NINTH:   Paragraphs 1-27 are incorporated herein by reference.

THIRTIETH:   Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

THIRTY-FIRST:  Defendants deprived plaintiff of his civil, constitutional and statutory

rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. sections 1983, 1985, 1986 and 1988 and the New York State Constitution.

THIRTY-SECOND:  Plaintiff has been damaged by defendants battery in an amount to be determined at trial.

### COUNT III

### UNREASONABLE AND EXCESSIVE FORCE

THIRTY-THIRD:   Paragraphs 1-32 are incorporated herein by reference as though fully set forth.

THIRTY-FOURTH:  By their conduct, GARRY RIORDAN, under color of law, deprived plaintiff of his constitutional rights to be free from excessive and unreasonable force.

THIRTY-FIFTH:    Plaintiff claims damages for defendant's unreasonable and excessive force in an amount to be determined at trial.

### CONSPIRACY TO VIOLATE PLAINTIFF'S 4TH AND 14TH AMENDMENT RIGHT UNDER § 1983

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF GARRY RIORDAN AGAINST DEFENDANTS P.O. PRENI AND P.O. LIEN

THIRTY-SIXTH:   Plaintiff, GARRY RIORDAN, repeats and realleges those paragraphs "1" though "35" with the same force and effect as if more fully set forth herein.

THIRTY-SEVENTH:   On or about July 25, 2007, and continuing until the present, the defendants, P.O. PRENI and P.O. LIEN, in their individual capacity as police officers for the City

of Yonkers, entered into an agreement or mutual understanding with each other, whereby they would seek to intimidate, harass, embarrass, annoy, physically abuse, give summary physical punishment to, and otherwise interfere with the liberty of plaintiff.

THIRTY-EIGHTH: In furtherance of the conspiracy, defendants committed the overt acts alleged above, among others.

THIRTY-NINTH: By means of the acts, conduct, and omissions alleged above, the individual defendants conspired to, and did, interfere with plaintiff's to be free from excessive, unreasonable force, free from summary punishment, free from unreasonable seizures, and free from deprivation of his liberty without due process, all in violation of his rights under the 4th and 14th Amendments to the United States Constitution.

FORTIETH: As a direct and proximate result of said conspiracy, plaintiff suffered injuries and damages as alleged above in violation of 42 U.S.C. §1983.

### SUPERVISORY LIABILITY - POLICE CHIEF NOT PRESENT AT THE SCENE

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT EDMUND HARTNETT, POLICE COMMISSIONER OF THE CITY OF YONKERS

FORTY-FIRST: Plaintiffs repeat and reallege those paragraphs designated "1" through "40" and with the same force and effect as if more fully set forth herein.

FORTY-SECOND: Upon information and belief, defendant Police Commissioner, EDMUND HARTNETT, and his predecessors developed and maintained policies or customs which caused the deprivation of plaintiff's constitutional rights.

10

FORTY-THIRD:   Upon information and belief, pursuant to the policies of defendant Police Commissioner, EDMUND HARTNETT, the supervision and discipline of Yonkers Police Officers were inadequate to discourage further constitutional violations on their part.

FORTY-FOURTH:   Upon information and belief, defendant Police Commissioner, EDMUND HARTNETT, failed to have his staff properly investigate this incident involving

FORTY-FIFTH:   Upon information and belief, defendant Police Commissioner EDMUND HARTNETT has made no changes in his policy, practices, or customs with respect to properly preventing, investigating, or sanctioning similar misconduct by City of Yonkers Police Officers, which he knew of and/or should and would have been aware of, but for his practice of being deliberately indifferent to such matters.

FORTY-SIXTH:   Upon information and belief, despite actual and/or constructive knowledge of a pattern and practice of illegal and unconstitutional activity on the part of City of Yonkers police officers, including defendants, P.O. PRENI and P.O. LIEN, Police Commissioner EDMUND HARTNETT has not required appropriate in-service training or retraining of officers.

FORTY-SEVENTH: Upon information and belief, defendant Police Commissioner EDMUND HARTNETT, as a policy-making official for the City of Yonkers Police Department has been so grossly negligent in its training, supervision, and discipline of police officers that he was deliberately indifferent to and demonstrated a reckless disregard for the potential violations of Constitutional right which were likely to occur from these policies and customs.

FORTY-EIGHTH:   The above-described policies and/or customs of defendant Police Commissioner EDMUND HARTNETT were the moving force behind the actions of the individual defendant correction officers, resulting in the injuries to the plaintiff described above.

FORTY-NINTH: These injuries and damages were incurred as a direct and proximate result of the acts and omissions of defendant, Police Commissioner EDMUND HARTNETT.

FIFTIETH: Upon information and belief, defendant Police Commissioner, EDMUND HARTNETT has with deliberate indifference failed to properly and adequately sanction or discipline police officers, including the individual officers in this case, for violations of Constitutional rights of citizen, thereby causing the police officers, including the Defendants in this case, to engage in unlawful conduct.

FIFTY-FIRST: By these actions and omissions, defendants Police Commissioner EDMUND HARTNETT has deprived plaintiff Garry Riordan of rights secured by the 4th and 14th Amendments to the United States Constitution from violation of 42 U.S.C. §1983.

**STATE COURT-INTENTIONAL TORT CLAIMS
AGAINST THE INDIVIDUAL DEFENDANT(S)
BROUGHT UNDER THIS COURT'S
<u>PENDANT CLAIM JURISDICTION</u>**

**AS AND FOR A FOURTH CAUSE OF
ACTION AGAINST P.O. PRENI AND P.O LIEN
<u>(ASSAULT & BATTERY)</u>**

FIFTY-SECOND: Plaintiff repeats and realleges those paragraphs designated "1" though "51" with the same force and effect as it more fully set forth herein.

FIFTY-THIRD: Defendants, P.O. PRENI and P.O. LIEN, actions were intentional, unwarranted and in violation of the law.

FIFTY-FOURTH:    As a result of defendants, P.O. PRENI and P.O. LIEN, assaulting and battering plaintiff without justification, and under circumstances that did not justify such actions, plaintiff suffered the aforementioned injuries due solely to the intentional and excessive force of defendants             .

### STATE COURT-NEGLIGENCE AND INTENTIONAL TORT CLAIMS AGAINST DEFENDANT CITY OF YONKERS UNDER THIS COURT'S PENDANT CLAIM AND PENDANT PARTY JURISDICTION

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF YONKERS

FIFTY-FIFTH:    Plaintiff repeats and realleges those paragraphs designated "1" through "54" with the same force and effect as if more fully set forth herein.

FIFTY-SIXTH:    At all times mentioned, defendants P.O. PRENI and P.O. LIEN were acting within the scope of their authority in the discharge of their duties as City of Yonkers Police Officers.

FIFTY-SEVENTH:    Under the principle of _respondeat superior_ defendant City of Yonkers is liable for the assault and battery of defendants

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF YONKERS NEGLIGENCE (HIRING AND/OR RETENTION OF DEFENDANT P.O. PRENI and P.O. LIEN

FIFTY-EIGHTH:  Plaintiff repeats and realleges those paragraphs designated "1" through "57" with the same force and effect as if more fully set forth herein.

FIFTY-NINTH:    The aforementioned assault was unprovoked, unwarranted and unjustified.

SIXTIETH: The aforementioned assault was caused solely by the negligence and carelessness of the defendant City of Yonkers and its police department in employing and retaining in its employ a brutal, dangerous, troublesome, incompetent, and vicious person, who they knew or should have known, was a source of danger and menace to the life and limb of the tax payers and citizens of the City of Yonkers.

SIXTY-FIRST: In exercise of reasonable care, the defendant City of Yonkers, its Police Chief and other agents, servants and/or employees should have foreseen and would have known of the conduct and records of defendants, P.O. PRENI and P.O. LIEN, in indicating that their continued employment would result in an assault.

SIXTY-SECOND: Upon information and belief, defendant City of Yonkers had knowledge of prior complaints of vicious nature and character of defendants that they were troublesome, dangerous and dissolute characters.

SIXTY-THIRD: Defendant City of Yonkers was further careless, negligent and remiss in its duty to the public in first employing dangerous and troublesome people and then failing to observe, punish, discipline, suspend, and discharge defendants from its employ.

SIXTY-FOURTH: The continued employment of defendants, P.O. PRENI and P.O. LIEN, constituted a danger and a menace to the public peace and welfare.

SIXTY-FIFTH: Defendant City of Yonkers, its police department, and its agents, servants and/or employees were further negligent and careless in failing to take the necessary precautions to protect the public and citizens of the City of Yonkers from abusive people.

SIXTY-SIXTH: By reason of the foregoing, the plaintiff GARRY RIORDAN lacerations, ecchymosis, mental anguish, emotional distress, fear, embarrassment and

humiliation.

15

WHEREFORE, plaintiff requests that this Court:

(a) Award compensatory damages against the individual defendants P.O. PRENI and P.O. LIEN and the City of Yonkers, its Police Department, and Police Commissioner EDMUND HARTNETT;

(b) Award punitive damages against defendants in a sum to be determined by the jury;

(c) Award cost of this action to the plaintiff;

(d) Award reasonable attorneys' fee to the plaintiff;

(e) Award such other and further and relief as this Court may deem appropriate.

Plaintiff hereby demands a jury trial.

Dated: February //, 2008
White Plains, New York

GAINES, GRUNER, PONZINI, & NOVICK
Attorneys for Plaintiff
One North Broadway
White Plains, New York 10601
(914-288-9595

BY: _____
Ted A. Novick (TN-7375)

## VERIFICATION

STATE OF NEW YORK              )
                               ) ss:
COUNTY OF WESTCHESTER          )

ITA MARY RIORDAN, also know as MARY RIORDAN being duly sworn, deposes and says that she is the plaintiff in this action and has read this Complaint; she knows its contents and knows that it is true to the best of her knowledge, except as to those matters stated to be upon information and belief, and as to those matters she believes them to be true.

*Ita Mary Riordan*
ITA MARY RIORDAN

Sworn to before me this
__11__ day of February, 2008.

_____
Notary Public

SEAN M HEALY
NOTARY PUBLIC NEW YORK STATE
NO. 01HE6116563
QUAL WESTCHESTER CO
COMM EXP OCTOBER 4 2008

16