FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorney for Defendants
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6260
By: RAYMOND P. SCHMIDT
Assistant Corporation Counsel (RS1713)

# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ITA MARY RIORDAN, a/k/a MARY RIORDAN
as Parent and Natural Guardian of GARRY RIORDAN,
individually and as an incompetent adult,

Plaintiff,

<u>ANSWER</u>

-against-

08 CIV 2035<br>(KMK)

THE CITY OF YONKERS, THE CITY OF YONKERS
POLICE DEPARTMENT, P.O. PRENI and P.O. LIEN,
POLICE COMMISSIONER EDMUND HARTNETT, and
JOHN DOE I-III,

Defendants.

-------------------------------------------------------------------X

Defendants , THE CITY OF YONKERS, THE CITY OF YONKERS

POLICE DEPARTMENT, P.O. PRENI, P.O. LIEN, and POLICE COMMISSIONER

EDMUND HARTNETT, by their attorney FRANK J. RUBINO, Corporation Counsel for

the City of Yonkers, as and for their Answer to the Complaint respectfully allege as

follows:

    1.    Deny upon information and belief the truth of each and every allegation

set forth in the "PRELIMINARY STATEMENT" of the Complaint; except admit that

plaintiff purports to proceed as stated therein.

2.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated "FIRST" of the Complaint and respectfully refer all questions of law to the Court.

3.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated "SECOND" of the Complaint and respectfully refer all questions of law to the Court.

4.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph designated "THIRD" of the Complaint; except admit that the City of Yonkers is a municipal corporation, duly organized and existing under the laws of the State of New York; and admit that P.O. Preni and P.O. Lien are employees of the City of Yonkers, and respectfully refer all questions of law to the Court.

5.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FOURTH" of the Complaint and respectfully refer all questions of law to the Court.

6.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FIFTH" of the Complaint and respectfully refer all questions of law to the Court; except admit that Police Commissioner Edmund Hartnett is employed by the City of Yonkers.

7.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "SIXTH" of the Complaint and respectfully refer all questions of law to the Court.

8.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "SEVENTH" of the Complaint,

except admit that a paper writing purporting to be a Notice of Claim was received in the Office of the Corporation Counsel of the City of Yonkers on or about August 8, 2007 and admit the claim has not been settled; and respectfully refer all questions of law to the Court.

9.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "EIGHTH" in the Complaint with the same force as though fully set forth herein.

10.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "NINTH" of the Complaint, and respectfully refer all questions of law to the Court.

11.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "TENTH" of the Complaint.

12.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "ELEVENTH" of the Complaint, and respectfully refer all questions of law to the Court.

13.    Deny upon information and belief, each and every allegation set forth in the paragraph designated as "TWELFTH" of the Complaint.

14.    Deny upon information and belief, each and every allegation set forth in the paragraph designated as "THIRTEENTH" of the Complaint.

15.    Deny upon information and belief, each and every allegation set forth in the paragraph designated as "FOURTEENTH" of the Complaint.

16.    Deny upon information and belief, each and every allegation set forth in the paragraph designated as "FIFTEENTH" of the Complaint.

17.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "SIXTEENTH" of the Complaint.

18.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "SEVENTEENTH" of the Complaint, and respectfully refer all questions of law to the Court.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "EIGHTEENTH" of the Complaint, and respectfully refer all questions of law to the Court.

20.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "NINETEENTH" of the Complaint, except admit P.O. PRENI and P.O. LIEN were not arrested, and respectfully refer all questions of law to the Court.

21.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in the paragraph designated as "TWENTIETH" of the Complaint and respectfully refer all questions of law to the Court.

22.     Deny upon information and belief, each and every allegation set forth in the paragraph designated as "TWENTY-FIRST" of the Complaint and respectfully refer all questions of law to the Court.

23.     Deny upon information and belief, each and every allegation set forth in the paragraph designated as "TWENTY-SECOND" of the Complaint and respectfully refer all questions of law to the Court.

24.    Deny upon information and belief, each and every allegation set forth in the paragraph designated as "TWENTY-THIRD" of the Complaint, and respectfully refer all questions of law to the Court.

## ANSWERING THE FIRST CAUSE OF ACTION

## ANSWERING COUNT I

25.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "TWENTY-FOURTH" of the Complaint with the same force as though fully set forth herein.

26.    Deny upon information and the truth of each and every allegation set forth in the paragraph designated as "TWENTY-FIFTH" of the Complaint at length, and respectfully refer all questions of law to the Court.

27.    Deny upon information and the truth of each and every allegation set forth in the paragraph designated as "TWENTY-SIXTH" of the Complaint, and respectfully refer all questions of law to the Court.

28.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "TWENTY-SEVENTH" of the Complaint and respectfully refer all questions of law to the Court.

29.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "TWENTY-EIGHTH" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING COUNT II

30.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "TWENTY-NINTH" of the Complaint with the same force as though fully set forth herein.

31.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "THIRTIETH" of the Complaint, and respectfully refer all questions of law to the Court.

32.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "THIRTY-FIRST" of the Complaint, and respectfully refer all questions of law to the Court.

33.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "THIRTY-SECOND" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING COUNT III

34.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "THIRTY-THIRD" of the Complaint with the same force as though fully set forth herein.

35.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "THIRTY-FOURTH" of the Complaint and respectfully refer all questions of law to the Court.

36.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "THIRTY-FIFTH" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE SECOND CAUSE OF ACTION

37.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "THIRTY-SIXTH" of the Complaint with the same force as though fully set forth herein.

38.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as ""THIRTY-SEVENTH" of the Complaint and respectfully refer all questions of law to the Court.

39.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "THIRTY-EIGHTH" of the Complaint and respectfully refer all questions of law to the Court.

40.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "THIRTY-NINTH" of the Complaint and respectfully refer all questions of law to the Court.

41.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FORTIETH" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE THIRD CAUSE OF ACTION

42.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "FORTY-FIRST" of the Complaint with the same force as though fully set forth herein.

43.    Deny information and belief as to the truth of each and every allegation set forth in the paragraph designated as "FORTY-SECOND" of the Complaint and respectfully refer all questions of law to the Court.

44.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FORTY-THIRD" of the Complaint and respectfully refer all questions of law to the Court.

45.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FORTY-FOURTH" of the Complaint, and refer all questions of law to the Court.

46.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FORTY-FIFTH" of the Complaint and respectfully refer all questions of law to the Court.

47.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FORTY-SIXTH" of the Complaint and respectfully refer all questions of law to the Court.

48.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FORTY-SEVENTH" of the Complaint and respectfully refer all questions of law to the Court.

49.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FORTY-EIGHTH" of the Complaint and respectfully refer all questions of law to the Court.

50.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FORTY-NINTH" of the Complaint and respectfully refer all questions of law to the Court.

51.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FIFTIETH" of the Complaint and respectfully refer all questions of law to the Court.

52.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FIFTY-FIRST" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE FOURTH CAUSE OF ACTION

53.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "FIFTY-SECOND" of the Complaint with the same force as though fully set forth herein.

54.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FIFTY-THIRD" of the Complaint and respectfully refer all questions of law to the Court.

55.    Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FIFTY-FOURTH" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE FIFTH CAUSE OF ACTION

56.    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "FIFTY-FIFTH" of the Complaint with the same force as though fully set forth herein.

57.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "FIFTY-SIXTH" of the Complaint and respectfully refer all questions of law to the Court.

58.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FIFTY-SEVENTH" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE SIXTH CAUSE OF ACTION

59.     Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph designated "FIFTY-EIGHTH" of the Complaint with the same force as though fully set forth herein.

60.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "FIFTY-NINTH" of the Complaint and respectfully refer all questions of law to the Court.

61.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "SIXTIETH" of the Complaint and respectfully refer all questions of law to the Court.

62.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "SIXTY-FIRST" of the Complaint and respectfully refer all questions of law to the Court.

63.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "SIXTY-SECOND" of the Complaint.

64.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "SIXTY-THIRD" of the Complaint and respectfully refer all questions of law to the Court.

65.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "SIXTY-FOURTH" of the Complaint.

66.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "SIXTY-FIFTH" of the Complaint and respectfully refer all questions of law to the Court.

67.     Deny upon information and belief the truth of each and every allegation set forth in the paragraph designated as "SIXTY-SIXTH" of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR A FIRST DEFENSE

68.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

69.     The Defendant's actions were in good faith and for good cause, including but not limited to, legitimate, rational and appropriate governmental interests.

## AS AND FOR A THIRD DEFENSE

70.     Any injuries and damages to the Plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the Plaintiff.

## AS AND FOR A FOURTH DEFENSE

71.     At all times relevant to the Complaint, Defendants have been in compliance with the requirements of all laws cited by the Complaint.

## AS AND FOR A FIFTH DEFENSE

72.     The Defendant City of Yonkers Police Department is improperly sued in this action as it is merely a department of the City of Yonkers.

## AS AND FOR A SIXTH DEFENSE

73.    That if any physical force was used to affect the arrest of the Plaintiff, only such physical force was used to the extent it was reasonably believed to be necessary to affect the arrest of the Plaintiff, whom the arresting officers reasonably believed to have committed an offense.

## AS AND FOR A SEVENTH DEFENSE

74.    The Defendant Police Commissioner and individual Police Officers are entitled to the defense of qualified immunity.

## AS AND FOR AN EIGHTH DEFENSE

75.    The Court lacks personal jurisdiction over defendants, P.O. Preni, P.O. Lien, and Police Commissioner Edmund Hartnett.

**WHEREFORE,** defendants request judgment dismissing the complaint with prejudice in its entirety together with costs, disbursements, attorneys' fees and any other relief this Court deems just and proper.

Dated: Yonkers, New York
         April 11, 2008

FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorney for Defendants
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6260

By: _____
RAYMOND P. SCHMIDT
Assistant Corporation Counsel (RS1713)

TO:    Gaines, Gruner, Ponzini & Novick
       Ted A. Novick, Esq.
       Attorney for Plaintiff
       One North Broadway
       White Plains, New York 10601
       (914) 288-9595

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008 I caused a true and correct copy of the

foregoing Answer to be served by mail upon:


Gaines, Gruner, Ponzini & Novick
Ted A. Novick, Esq.
Attorney for Plaintiff
One North Broadway
White Plains, New York 10601
(914) 288-9595



Dated: Yonkers, New York
      April 14, 2008

                FRANK J. RUBINO
                Corporation Counsel of the City of Yonkers
                Attorney for Defendants
                City Hall, Room 300
                Yonkers, New York 10701
                (914) 377-6260

                By:_____
                RAYMOND P. SCHMIDT
                Assistant Corporation Counsel (RS1713)